17CV643 KK

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2017 JUN 14 PM 1:31

CLERK-LAS CRUCES

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF

HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District of ~~Wyoming~~ New Mexico |
|---|---|

| Name (under which you were convicted): JOSEPH C. PERRY | Docket or Case No.: |
|---|---|

| Place of Confinement: (PNM) P.O. Box 1059, Santa Fe 87505 | Prisoner No.: 59168 |
|---|---|

Petitioner (include the name under which you were convicted)                Respondent (authorized person having custody of petitioner)

v.

JOSEPH C. PERRY                        The Attorney General of the State of ~~WY~~ N.M.

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Twelfth Judicial District Court 1000 New Yourk Ave, Alamogardo, New Mexico 88310-6940

   (b) Criminal docket or case number (if you know): D-1215-CR-2006-00539

2. (a) Date of the judgment of conviction (if you know): August 23, 2007

   (b) Date of sentencing: (28) Twenty Eight Years February 11, 2008

3. Length of sentence: (28) Twenty Eight Years

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Count 2: Criminal Sexual Penetration ( Personal Injury) § 30-09-11 (D)(3) 2nd Degree felony, Count 3: Bribery Intimidation of a Witness § 30-24-03 (A)(3) 3rd Degree Felony

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒        (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐            (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)   ☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?   ☐ Yes ☒ No

8.    Did you appeal from the judgment of conviction?                    ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

       (a) Name of court: In the court of Appeal of the State of New Mexico

       (b) Docket or case number (if you know): No. 28,983

       (c) Result: Denied

       (d) Date of result (if you know): July 31, 2009

       (e) Citation to the case (if you know): -0-

       (f) Grounds raised: "Please See All Documents" for Grounds raised Attached"

       (g) Did you file a petition for certiorari in the United States Supreme Court?    ☑ Yes ☐ No
              If yes, answer the following:
              (1) Docket or case number (if you know): 31,888
              (2) Result: Denied
              (3) Date of result (if you know): September 2, 2009
              (4) Citation to the case (if you know): -0-

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
        concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

       (a)    (1) Name of court: Twelfth Judicial district Court
              (2) Docket or case number (if you know): D-1215-CR-2006-00539
              (3) Date of filing (if you know): December 7, 2009
              (4) Nature of the proceeding: Petition for Writ of Habeas Corpus
              (5) Grounds raised:
              (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
                                                                    ☐ Yes    ☑ No
              (7) Result: Denied
              (8) Date of result (if you know): JANUARY 19, 2010

       (b)    If you filed any second petition, application, or motion, give the same information:
              (1) Name of court: Twelfth Judicial District Court
              (2) Docket or case number (if you know): D-1215-CR-2006-00539
              (3) Date of filing (if you know): August 10, 2010
              (4) Nature of the proceeding: Petition for writ of Habeas Corpus
              (5) Grounds raised: Conviction obtained by the knowing use of perjured testamoney.
              (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
                                                                    ☑ Yes    ☐ No
              (7) Result: Denied
              (8) Date of result (if you know): July 22, 2011

       (c)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition,
              application, or motion?
              (1) First petition:    ☑ Yes    ☐ No
              (2) Second petition:    ☑ Yes    ☐ No
              (3) Third petition:    ☑ Yes    ☐ No

Page 4

(d)     If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_— I did Appeal everything —_

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**Please go to Ground One**

Page 5

GROUND ONE: Please See Attachment For All Grounds (1)One - (16) Sixteen

(a)    Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): All claims are Summarized in Grounds (1) - (16) Attached.

(b)    If you did not exhaust your state remedies on Ground One, explain why: I did exhaust all my State remedies

(c)    Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes   ☐ No
(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)    Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes   ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Habeas Corpus
Name and location of the court where the motion or petition was filed: 12th District Court
Docket or case number (if you know): D-1215-CR-2006-00539
Date of the court's decision: January 19, 2010
Result (attach a copy of the court's opinion or order, if available): Denied
(3) Did you receive a hearing on your motion or petition? ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: In the Supreme Court of New Mexico
Docket or case number (if you know): 10/32/92
Date of the court's decision: February 26, 2010
Result (attach a copy of the court's opinion or order, if available): Opinion is Attached to file.
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I did file and exhaust all administrative remedies.

Page 6

GROUND TWO:

(a)     Supporting facts (Briefly summarize your claim.  You may provide additional argument and legal
        citations in a separate supporting memorandum):

(b)     If you did not exhaust your state remedies on Ground Two, explain why: ___ **N/A** ___

(c)     Direct Appeal of Ground Two:
        (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No
        (2) If you did not raise this issue in your direct appeal, explain why: _____

(d)     Post-Conviction Proceedings:
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial
        court?                                                                          ☒ Yes   ☐ No
        (2) If your answer to Question (d)(1) is "Yes," state:
        Type of motion or petition: **Habeas Corpus**
        Name and location of the court where the motion or petition was filed: **12th Distric Court**
        Docket or case number (if you know): **D-1215-CR-2006-00539**
        Date of the court's decision: **January 31, 2011**
        Result (attach a copy of the court's opinion or order, if available): **Summarily Dismissed**
        (3) Did you receive a hearing on your motion or petition?                        ☐ Yes   ☒ No
        (4) Did you appeal from the denial of your motion or petition?                   ☒ Yes   ☐ No
        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes   ☐ No
        (6) If your answer to Question (d)(4) is "Yes," state:
        Name and location of the court where the appeal was filed: **In The Supreme Court of
        New Mexico**
        Docket or case number (if you know): **N°. 32,867**
        Date of the court's decision: **April 7, 2011**
        Result (attach a copy of the court's opinion or order, if available): **REMANDED to the
        12th distric court to Conduct an evidentiary Hearing**
        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
        **N/A**

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.)
        that you have used to exhaust your state remedies on Ground Two: **Pititioner did in
        Fact exhaust all administrative remedies.**

GROUND THREE:

    (a)    Supporting facts (Briefly summarize your claim.  You may provide additional argument and legal citations in a separate supporting memorandum): 

    (b)    If you did not exhaust your state remedies on Ground Three, explain why: _____ N/A

    (c)    Direct Appeal of Ground Three:
        (1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No
        (2) If you did not raise this issue in your direct appeal, explain why: _____

    (d)    Post-Conviction Proceedings:
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☒ Yes  ☐ No
        (2) If your answer to Question (d)(1) is "Yes," state:
        Type of motion or petition: Post-conviction Motion for Petition of Habeas Corpus
        Name and location of the court where the motion or petition was filed: 12th District Court Otero County District Court 1000 New York Ave, Alamogordo, NM 88310
        Docket or case number (if you know): D-1215-CR-2006-00539
        Date of the court's decision: August 1, 2016
        Result (attach a copy of the court's opinion or order, if available): Denied, motion not well taken
        (3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No
        (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
        (6) If your answer to Question (d)(4) is "Yes," state:
        Name and location of the court where the appeal was filed: In The Supreme Court of New Mexico
        Docket or case number (if you know): S-1-SC-36066
        Date of the court's decision: February 24, 2017
        Result (attach a copy of the court's opinion or order, if available): N/A
        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    (e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

GROUND FOUR:_____   Page 8
_____
_____

(a)    Supporting facts (Briefly summarize your claim.  You may provide additional argument and legal
       citations in a separate supporting memorandum): _____
       _____
       _____
       _____
       _____
       _____
       _____
       _____
       _____
       _____
       _____

(b)    If you did not exhaust your state remedies on Ground Four, explain why: _____
       _____

(c)    Direct Appeal of Ground Four:
       (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☐ No
       (2) If you did not raise this issue in your direct appeal, explain why: _____
       _____

(d)    Post-Conviction Proceedings:
       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial
       court?                                                                             ☐ Yes   ☐ No
       (2) If your answer to Question (d)(1) is "Yes," state:
       Type of motion or petition: _____
       _____
       Name and location of the court where the motion or petition was filed: _____
       _____
       Docket or case number (if you know): _____
       Date of the court's decision: _____
       Result (attach a copy of the court's opinion or order, if available): _____
       _____
       (3) Did you receive a hearing on your motion or petition?                          ☐ Yes   ☐ No
       (4) Did you appeal from the denial of your motion or petition?                     ☐ Yes   ☐ No
       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes   ☐ No
       (6) If your answer to Question (d)(4) is "Yes," state:
       Name and location of the court where the appeal was filed: _____
       _____
       Docket or case number (if you know): _____
       Date of the court's decision: _____
       Result (attach a copy of the court's opinion or order, if available): _____
       _____
       (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.)
       that you have used to exhaust your state remedies on Ground Four: _____
       _____

Page 9

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____
_____ ✗ _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____
_____ " NO " _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____
_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mario A. Torrez
616 Tenth Street, Alamogordo, NM 88310
(505) 437-3801

(b) At arraignment and plea: Mario A. Torrez
616 Tenth Street, Alamogordo, NM 88310
(505) 437-3801

(c) At trial: Mario A. Torrez
616 Tenth Street, Alamogordo, NM 88310 (505) 437-3801

(d) At sentencing: Gerard Montrose Contract public Defender
7362 Remcon Circle El paso, Texas 79912 (915) 581-9010

(e) On appeal: Erich K. Martell Assistant Appellate Defender
New Mexico Public Defender 301 N. Guadalupe Street, Suite 101, Santa Fe, NM 87501

(f) In any post-conviction proceeding: Robert E. Tangora Contract Counsel
P.O. Box 32315, Santa Fe, New Mexico 87594 (505) 989-8429

(g) On appeal from any ruling against you in a post-conviction proceeding: Robert E. Tangora
P.O. Box 32315, Santa Fe, New Mexico 87594 (505) 989-8429

Page 10

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes   ☒ No

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____
_____
_____

(b) Give the date the other sentence was imposed: _____

_____

(c) Give the length of the other sentence: _____

_____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or  sentence to be served in the future?

☐ Yes   ☒ No

Please go to Question 18

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____

My Judgment of Conviction has "NOT" become final. It has Not been Over One year.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.§ 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Petitioner Seeks to Vacate, and_

Page 12

_Set aside or Correct an illegal Sentence or Order of Confinement_

_"Request a New TRIAL"_

or any other relief to which petitioner may be entitled.

_[signature]_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  I further declare under penalty of perjury that this Petition for Writ of Habeas Corpus was placed in the institutional mailing system or deposited with prison officials on _May 15, 2017_ _____ (month, day, year). I attest that first-class postage has been prepaid.

Executed (signed) on _May 29, 2017_ ___ (date).

_[signature]_

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____

Joseph C. Perry #59168

SNMCF P.O. Box 639

Los Cruces NM 88004

- Legal Mail -

->28 U.S.C. § 2254 Habeas Corpus -

Part 1 of 3 Originals

U.S. District Court, District of New

Mexico 10 church Street Suite 280

Los Cruces New Mexico 88001

**RECEIVED**
U.S. DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 14 2017

MATTHEW J. DYKMAN
CLERK